UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LUIS ANTONIO FALCON TENELEMA,

          Petitioner,

v.

JOSEPH E. FREDEN, in his official capacity as
ICE Deputy Field Office Director; KRISTI NOEM, in her
official capacity as Secretary of Homeland Security,
and TODD M. LYONS, in his official capacity as Acting
Director of Immigration and Customs Enforcement, and
PAMELA BONDI, in her official capacity as Attorney
General of the United States,

          Respondents.
_____

Case No. 25-cv-902

**VERIFIED PETITION FOR A WRIT OF HABEAS CORPUS**

## INTRODUCTION

1. Petitioner Luis Antonio Falcon Tenelema is an Ecuadoran national with a pending I-914 Application for T Nonimmigrant Status. Upon information and belief, he was unlawfully detained by federal immigration agents on September 17, 2025, and is currently detained at the Buffalo Federal Detention Facility in Batavia, New York.

2. Upon information and belief, the Department of Homeland Security ("DHS") has alleged or will allege that Petitioner was not previously admitted or paroled into the United States and is therefore subject to mandatory detention under 8 U.S.C. § 1225(b)(2) as a person seeking admission to the United States. However, as a person arrested inside the United States and held in civil immigration detention, Petitioner is subject to detention, if at all, pursuant to 8 U.S.C. § 1226. See *Romero v. Hyde*, Civil Action No. 25-11631-BEM, 2025 U.S. Dist. LEXIS 160622, 1, 18-20 (D. Mass. Aug. 19, 2025) (collecting cases).

1

3. Accordingly, to vindicate Petitioner's statutory, constitutional, and regulatory rights, this Court should grant the instant petition for a writ of habeas corpus.

4. Petitioner alleges violations of the Fourth Amendment, Fifth Amendment, and the Administrative Procedure Act ("APA"), and the Immigration and Nationality Act ("INA").

5. Petitioner asks this Court to find that his arrest and detention are illegal and order his immediate release, a stay of transfer outside of the District of Western New York, and a reasonable award of attorney's fees.

## JURISDICTION

6. This action arises under the Constitution of the United States, the APA, and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 et seq.

7. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause). Under 8 U.S.C. § 1252(e)(2), this Court has habeas authority to determine whether Petitioner is a noncitizen and whether Petitioner was ordered removed under 8 U.S.C. § 1225(b)(1).

8. This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 et. seq., the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

9. Venue is proper because Petitioner is detained at the Buffalo Federal Detention Facility ("BFDF") in Buffalo, New York, which is within the jurisdiction of this District.

10. Venue is proper in this District because Respondents are officers, employees, or agencies of the United States, a substantial part of the events or omissions giving rise to Petitioner's

claims occurred in this District, and Petitioner resides in this District. There is no real property involved in this action. 28 U.S.C. § 1391(e).

## REQUIREMENTS OF 28 U.S.C. § 2243

11.     The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require respondents to file a return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." Id. (emphasis added).

12.     Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." Fay v. Noia, 372 U.S. 391, 400 (1963) (emphasis added).

## PARTIES

13.     Petitioner has a pending I-914 Application for T non-immigrant status based on his victimhood of labor trafficking. Petitioner is a resident of Massachusetts but is currently detained at the BFDF in Batavia, New York.

14.     Respondent, Joseph E. Freden, is the ICE Deputy Field Office Director and is the senior ICE officer in charge of the BFDF in Batavia, New York. He is Mr. Falcon Tenelema's immediate custodian, and, upon information and belief, resides in the Western District of New York.

15.     Respondent Todd Lyons is sued in his official capacity as Acting Director of the United States Immigration and Customs Enforcement. In this capacity, Respondent Lyons

3

oversees all detention of noncitizens held in ICE custody and is a legal custodian of petitioner with the authority to release him.

16. Respondent Kristi Noem is sued in her official capacity as Secretary of the U.S. Department of Homeland Security (DHS). In this capacity, Respondent Noem is responsible for the implementation and enforcement of the Immigration and Nationality Act, and oversees ICE, the component agency responsible for Petitioner's detention and custody. Respondent Noem is a legal custodian of Petitioner.

17. Respondent Pam Bondi is sued in her official capacity as the Attorney General of the United States and the senior official of the U.S. Department of Justice (DOJ). In that capacity, she has the authority to adjudicate removal cases and to oversee the Executive Office for Immigration Review (EOIR), which administers the immigration courts and the Board of Immigration Appeals

## STATEMENT OF FACTS

18. Petitioner is a 31-year-old citizen of Ecuador. Petitioner has resided in the United States for approximately 11 years with his wife, two U.S. citizen children, and numerous other family members.

19. Around May 6, 2014, Petitioner entered the United States through Mexico without inspection. Petitioner was apprehended by Customs and Border Patrol. It is unclear if petitioner was paroled or released on his own recognizance. After his release, Petitioner moved to Massachusetts where he has resided since.

20. On or about March 18, 2024, Petitioner filed a Petition for cc, Form I-914, Application for T Nonimmigrant Status and Form I-192, Application for Advance Permission to Enter as a nonimmigrant.

4

21. The basis for Petitioner's Petition for T Nonimmigrant status was that the Petitioner was recruited, harbored, and coerced for the purpose of involuntary servitude and was physically present in the United States on account of his trafficking.

22. Upon information and belief, the Petitioner has never been in removal proceedings nor been ordered removed.

23. On or about September 17, 2025, Petitioner was detained by the Respondents in Lowell, Massachusetts. At some point thereafter, Petitioner was transferred to the Buffalo Federal Detention Facility in Batavia, New York, where he is currently detained.

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of Fourth Amendment Reasonable Search and Seizure

24. The allegations in the above paragraphs are realleged and incorporated herein.

25. The Department arrested and detained Petitioner in violation of his right to be free from unreasonable search and seizure. Fourth Amendment protections extend to non-citizens. *See Cotzojay v. Holder,* 725 F.3d 172, 181 (2d Cir. 2013) ("[I]t is uncontroversial that the Fourth Amendment applies to aliens and citizens alike."). A party claiming a Fourth Amendment violation must establish both that a seizure occurred and that the seizure was unreasonable. *Sodal v. Cook County* 506 U.S. 56, 71 (1992). A seizure is unreasonable if a balance of public and private interests implicated by the seizure favors the asserted private interest. *See id*.

26. Petitioner asserts a private interest to apply for lawful status in the United States. Respondents have not yet asserted a reason for detaining Petitioner. The balance of Petitioner's asserted private interest outweighs the government interest.

27. Furthermore, the Respondents lacked reliable information of changed or exigent circumstances that would justify his arrest after federal immigration authorities had already

5

decided he could pursue his claims for immigration relief at liberty when they released him from custody in 2014 after his encounter with Customs and Border Protection. And Petitioner has already filed the appropriate application for T Nonimmigrant status which is for victims of human trafficking. For these reasons, Petitioner's arrest and detention violates the Fourth Amendment.

## COUNT TWO
### Violation of 8 U.S.C. 1226(a) and Associated Regulations

28. Petitioner may be detained, if at all, pursuant to 8 U.S.C. § 1226(a).

29. Petitioner does not qualify to be detained under 8 U.S.C. § 1225(b) because he was detained inside the United States and held in civil immigration detention. *See Romero*, 2025 U.S. Dist. LEXIS 160622, at 18-20 (collecting cases).

30. Petitioner now has a case before the Immigration Court, and the government therefore holds him pursuant to 8 U.S.C § 1226 "discretionary detention." This authority entitles a noncitizen in removal proceedings to a bond hearing through which the government may determine to release them on a bond amount of at least $1,500 or on conditional parole. 8 U.S.C § 1226(a)(2).

31. On September 5, 2025, Board of Immigration Appeals (BIA) decided *Matter of Yajure Hurtado*, holding that Immigration Judges lack authority to hear bond requests or to grant bond to aliens who are present in the United States without admission. *Matter of Yajure Hurtado* 29 I&N Dec. 216 (BIA 2025). Because Petitioner is entered without inspection, he is not entitled to a bond hearing under BIA precedent.

32. Under § 1226(a) and its associated regulations, Petitioner is entitled to a bond hearing.  See 8 C.F.R. 236.1(d) & 1003.19(a)-(f).

33. Petitioner has not been, and will not be, provided with a bond hearing as required by law unless this Court orders otherwise

6

34.     Petitioner's continuing detention is therefore unlawful.

35.     In the alternative, Petitioner is entitled to a bond hearing with the order that he be given a bond hearing before an immigration judge with the burden on the government to prove by clear and convincing evidence that Petitioner is a danger to persons or property or a flight risk and that no alternatives to detention exist that would mitigate a finding of danger or flight;

## COUNT THREE
### Violation of Fifth Amendment Right to Due Process

36.     The allegations in the above paragraphs are realleged and incorporated herein.

37.     The Constitution establishes due process rights for "all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

38.     Other than as punishment for a crime, due process permits the government to take away liberty only "in certain special and narrow nonpunitive circumstances . . . where a special justification . . . outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (quotations omitted). Such special justification exists only where a restraint on liberty bears a "reasonable relation" to permissible purposes. *Jackson v. Indiana*, 406 U.S. 715, 738 (1972); *see also Foucha v. Louisiana*, 504 U.S. 71, 120 (1992); *Zadvydas*, 533 U.S. at 690. In the immigration context, those purposes are "ensuring the appearance of aliens at future immigration proceedings and preventing danger to the community." *Zadvydas*, 533 U.S. at 690 (quotations omitted).

39.     Those substantive limitations on detention are closely intertwined with procedural due process protections. *Foucha*, 504 U.S. 78-80. Noncitizens have a right to adequate procedures to determine whether their detention in fact serves the purposes of ensuring their appearance or protecting the community. *Id*. at 79; *Zadvydas*, 533 U.S. 692; *Casas-Castrillon v. Dep't of*

7

*Homeland Sec.*, 535 F.3d 942, 949 (9th Cir. 2008). Where laws and regulations fail to provide such procedures, the habeas corpus must assess whether the noncitizen's immigration detention is reasonably related to the purposes of ensuring his appearance or protecting the community. *Zadvydas*, 533 U.S. at 699.

40.     Due process protects a noncitizen's liberty interest in the adjudication of applications for relief and benefits made available under the immigration laws. *See Arevalo v. Ashcroft*, 344 F.3d 1, 15 (1st Cir. 2003) (recognizing protected interests in the "right to seek relief" even when there is no "right to the relief itself"). Petitioner has a protected due process interest in his ability to apply for temporary status and ultimately for legal permanent residency.

41.     Any efforts by ICE to remove Petitioner, without allowing him to avail himself of the procedures created by the INA and its regulations, violate and would violate due process. In detaining Petitioner, Respondents took advantage of Petitioner's good faith efforts to exhaust his legal protections that would allow him to remain in the United States. The violative actions of the Respondents undermine the faith of noncitizens that they may apply for immigration benefits for which they are eligible.

42.     Courts in the Second Circuit look to the balancing test outlined in *Mathews v. Eldridge*, 424 U.S. 319 (1976) "when determining the adequacy of process in the context of civil immigration confinement." *Materano v. Arteta*, 2025 U.S. Dist. LEXIS 179608, at *33; *Velasquez v. Kurzdorfer*, No. 25-CV-493-LJV, 2025 U.S. Dist. LEXIS 135986 at *43-44 (W.D.N.Y. July 16, 2025). This test is appropriate here as well.

43.     The three *Matthews* factors are as follows: (1) "the private interest that will be affected by the official action"; (2) "the [g]overnment's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement

would entail," and (3) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." *Mathews*, 424 U.S. at 333; *Velasquez*, 2025 U.S. Dist. LEXIS 135986, at *44.

44. Under the first factor, the Court looks at the private interest that will be affected by the official action. Here, the private interest affected is Mr. Falcon Tenelema's freedom. The Second Circuit has observed that freedom from imprisonment is "the most significant liberty interest there is…" *Black v. Dir. Thomas Decker*, 103 F.4th 133, 151 (2d Cir. 2024). The Second Circuit has stated that "As we have previously observed, "case after case instructs us that in this country liberty is the norm and detention is the carefully limited exception." *Id*. The Government has provided no information that Mr. Falcon Tenelema is a danger to society or is a flight risk. Upon information and belief, he has no criminal history. For these reasons, the first Mathews factor heavily favors Mr. Falcon Tenelema.

45. Under the second factor, the Court looks at the government's interest, including the function involved and the fiscal and administrative burdens that additional or substitute procedural requirements would entail. *Velasquez*, 2025 U.S. Dist. LEXIS 135986 at *44. Courts have recognized "the authority of the government to manage who may enter the country. *Id*. (internal citations and quotations omitted). The government has an interest in ensuring that noncitizens will attend their immigration proceedings and that they will not be a danger to society if released. *Black*, 103 F.4th at 153. The government also has an interest in ensuring that noncitizens will be available if an order of removal is issued against them and in the efficient administration of the immigration laws at the border. *Velasquez*, 2025 U.S. Dist. LEXIS 135986, at *45. While these are strong interests, the Respondents have not invoked any of these as a basis for detaining Mr. Falcon Tenelema.

46. The government has made no allegations that he has engaged in criminal behavior or missed any court dates. If the government believes that any of these conditions are present here, it has not provided Mr. Falcon Tenelema notice of this. It did not give Mr. Falcon Tenelema any notice that it intended to detain him after a long period of time, and with a T-Visa application pending. Instead, it simply arrested him on his way to work and brought him to Batavia with no explanation. Therefore, while the Government's general interest in ensuring appearances and protecting the public are strong, there are no circumstances in this case that would require the government to invoke those, and indeed, the government has not.

47. Under the third factor, the Court looks at the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards. As discussed above, the BIA has held that anyone who is considered entry without inspection is ineligible for a bond, even those detained under 8 U.S.C. § 1226(a). *Matter of Yajure Hurtado* 29 I&N Dec. 216 (BIA 2025). This increases the risk of erroneous deprivation of her liberty interests. *See Black*, 103 F.4th 133 at 152. While the *Black* court was addressing a non-citizen detained under 1226(c) (the INA's criminal history-based mandatory detention statute), its analysis is equally applicable to this case as in § 1225(b)(2)(A), given that non-citizens detained under either statute are ineligible for a custody hearing. The Black Court made two general observations with respect to this factor. First, "the procedures used for section 1226(c) . . . include no mechanism for a detainee's release, nor for individualized review of the need for detention." *Id*. Second, the "broad reach means that many noncitizens are detained . . . who may have meritorious defenses to deportation at such time as they are able to present them." *Id*. (internal citations and quotations omitted). Like the petitioner in *Black*, under this new holding by the BIA, Mr. Falcon Tenelema is ineligible for a custody hearing.

48. Given that an individual who is detained under 8 U.S.C. § 1226(c) for criminal activity is eligible for a bond hearing for the reasons cited above, an individual detained under 8 U.S.C. § 1226(a), who has no criminal record, is surely entitled to a bond hearing if the Court finds that he is not eligible for outright release due to the illegality of his arrest and detention. For these reasons, the third Mathews factor heavily favors Mr. Falcon Tenelema.

49. All the Matthew factors favor Mr. Falcon Tenelema. The Government took Mr. Falcon Tenelema's freedom without proper due process. Therefore, the Government has violated Mr. Falcon Tenelema's Fifth Amendment right of due process.

50. For these reasons, Petitioner's detention violates the Due Process Clause of the Fifth Amendment.

## COUNT FOUR
### Arbitrary and Capricious Agency Action

51. The allegations in the above paragraphs are realleged and incorporated herein.

52. The APA requires courts to "hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," "contrary to constitutional right," "in excess of statutory jurisdiction, authority, or limitations," or "without observance of procedure required by law." 5 U.S.C. § 706(2)(A)—(D). A court reviewing agency action "must assess . . . whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment" and "examin[e] the reasons for agency decisions—or, as the case may be, the absence of such reasons." *Judulang v. Holder*, 565 U.S. 42, 53 (2011) (quotations omitted).

53. Petitioner's detention and enforcement action against him under the facts alleged in this suit, including facts showing that he was seized while availing himself of the T-Visa process created under the law and without any individualized evaluation of his case, are and would be

11

arbitrary and capricious under the APA. *See Materano v. Garland*, 2025 U.S. Dist. LEXIS 179608, at *37-40 (holding that respondents violated the APA by revoking the petitioner's parole without the required individualized, case-by-case analysis).

54. DHS recently completed the notice-and-comment rulemaking process to update the T-Visa process. After so doing, DHS created a "victim centered approach" in adjudicating claims of potential trafficking victims in removal proceedings or with removal orders. 8 C.F.R 34864, 34888. This approach specifically provided human trafficking victims with protection from removal. The White House, "National Action Plan" Priority Action 2.2.2 (2024). This action plan states "human trafficking victims should not be removed absent serious adverse factors." Id. Furthermore, the rules, while granting ICE discretion surrounding prior orders of removal, emphasize that ICE use a "victim centered approach in which all relevant circumstances are considered." 8 C.F.R §§ 34864, 34888. Here, ICE's conduct departed from an approach where they might consider how a victim of trafficking hoodwinked into his own arrest might cause that victim to mistrust law enforcement or experience further trauma. Here, one arm of the government appears to have blocked the other from acting so that it could not make this determination. In addition to shocking traditional notions of fair play and justice, this action violates the APA because it circumvents the required rulemaking process.

55. ICE's sudden and recent policy decision to impede and prohibit some noncitizens, with or without final orders of removal, from applying for protection from trafficking through the process regulation. This improperly alters these substantive rules without notice-and-comment rulemaking.

56. For these reasons, Petitioner's arrest and detention violates the APA.

**PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1)   Assume jurisdiction over this matter;

(2)   Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days.

(3)   Order that Respondents shall not move Petitioner from the Western District of New York until the Court rules on this petition;

(4)   Declare that Petitioner's arrest and detention violate the Fourth Amendment, the Due Process Clause of the Fifth Amendment, and 8 U.S.C. § 1231;

(5)   Issue a Writ of Habeas Corpus and order Respondents to release petitioner immediately, or, in the alternative, find that Petitioner is held under 8 U.S.C. § 1226(a) and order that he be given a bond hearing before an immigration judge with the burden on the government to prove by clear and convincing evidence that Petitioner is a danger to persons or property or a flight risk and that no alternatives to detention exist that would mitigate a finding of danger or flight;

(6)   Award Petitioner attorney's fees and costs under the Equal Access to Justice Act, and on any other basis justified under law; and

(7)   Grant any further relief this Court deems just and proper.

Dated: September 19, 2025
     Buffalo, New York

                                              Respectfully submitted,

                                                   s/ *Aaron J. Aisen*
                                              Aaron J. Aisen
                                              Richards and Jurusik Immigration Law
                                              5 Niagara Square
                                              Buffalo, New York 14202

Tel: (585) 478-7728
Fax: (716) 322-5619
aaron@rjimmigrationlaw.com


<u>/s/ *Todd C. Pomerleau*</u>*
Todd C. Pomerleau
Rubin Pomerleau PC
Two Center Plaza, Suite 520
Boston, MA 02108
Tel: (617) 367-0077 - office
Fax: (617) 367-0071
tcp@rubinpom.com

*Pro hac vice application forthcoming

*Counsel for Petitioner*

**<u>VERIFICATION PURSUANT TO 28 U.S.C. § 2242</u>**

14

I represent Petitioner, Luis Antonio Falcon Tenelema, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 19th day of September, 2025.

/s/*Todd C. Pomerleau*
Todd C. Pomerleau

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Luis Antonio Falcon Telelema

**DEFENDANTS**
Joseph E. Freden, Kristi Noem, Todd Lyons, and Pamela Bondi

(b) County of Residence of First Listed Plaintiff: Genesee
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Aaron J. Aisen Richards and Jurusik Immigration Law 5 Niagara Square Buffalo, NY 14202 585-478-7728

Attorneys *(If Known)*
U.S. Attorney's Office - WDNY

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [x] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | | [ ] 462 Naturalization Application | | |
| | [ ] 446 Amer. w/Disabilities - Other / **Other:** [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | [ ] 448 Education / [ ] 550 Civil Rights | | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 2241 and 28 U.S.C. 1331

Brief description of cause:
Petition for Writ of Habeas Corpus for Illegal Arrest and Detention

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 9/19/2025
SIGNATURE OF ATTORNEY OF RECORD: s/ Aaron J. Aisen

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____